McDonald *vs.* Simpson.

Where a person represents himself as a workman, that very representation raises an implied covenant that he will use his best skill in the work which he is employed to do. It is not necessary that he should covenant, expressly, to use such skill.
If a person holds himself out to the world as a workman, the law binds him to do his work in a workmanlike, *i. e.* a *skilful* manner.

This was an action of assumpsit, determined in the Clark Circuit Court, in October, 1841, before the Hon. William Conway B., one of the circuit judges. It is the same case, which is reported as *Simpson vs. McDonald,* 2 *Ark.* 370, in which case, the bill of exceptions having, by mistake, stated that the *plaintiff,* instead of the *defendant,* had employed other mill-wrights to rebuild the mill, the judgment was reversed, and a new trial awarded. Simpson sued McDonald, for compensation for labor done for him. He proved that he worked for him, for a considerable time, in building a mill. McDonald, in defence, proved that the mill, when built, was valueless, and that he, himself, had to rebuild it, almost entirely. The jury found for Simpson, $200, and McDonald appealed. Only two questions were presented to this court. On the trial, the court refused to allow McDonald to ask a witness, who was not a mechanic, what was the value of the mills, *as mills;* and instructed the jury, "that if they believe, from the evidence, that the plaintiff told defendant that he was skilful,

and that the plaintiff did not engage to use his skill for defendant, that defendant would be bound to pay him the worth of his labor."

*Trapnall, Cocke, & Pike,* for appellant.     Where the nature of the subject is such, that professional skill is absolutely necessary to form a true and correct judgment, an appeal should be made to the judgment of professional men.    But where the nature of the subject is such, that any man of sound mind and practical sense can form a correct judgment upon it, there is no necessity for resorting to professional skill.

It is not necessary, in order to hold a mechanic to the skilful and faithful performance of his work, that he should profess to be skilled in his trade.    His undertaking to do a piece of work, requiring mechanical skill, is, of itself, a profession that he has the requisite skill, and the law will hold him responsible for its proper performance.    *Manuel vs. Campbell,* 3 *Ark.* 324.

*Trimble,* contra.

*By the Court,* Dickinson, J.     There is a good deal of contrariety in the testimony, and not a little ambiguity in many portions of it. There are several instructions given by the court, to which no exception can be taken.    There is one, however, where the law is stated too broadly, and as there is much confusion and contradiction in the testimony, the court cannot determine what influence or effect the instruction might have had in determining the jury to decide for the plaintiff.    The instruction is, that if they believed, from the evidence, that the plaintiff represented himself as a skilful workman, but did not covenant to use his skill, that the defendant would be bound to pay him the worth of his labor.    This is not the true doctrine upon the point.    Where a party represents himself as a workman, that very representation raises an implied covenant, that he will use his skill in the work which he is employed to do.    It is not necessary that he should covenant, expressly, to use such skill.    When he holds himself out to the world, that he is a workman, the law binds him to do the work in a workmanlike manner; and that expression is tantamount

that it shall be done in a skilful manner. Any other rule would pro-
duce great injustice and hardship. It would enable those who profess
to be mechanics, to engage to do work as such mechanics, and then
wholly to excuse themselves, on a failure or breach of contract, by al-
leging that they had not covenanted to do it in a skilful manner.

Judgment reversed.